IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL SECTION

**BRUCE EVANS**
**4116 Martin Luther King, Jr. Avenue, SW**
**Washington, DC 20003**

Case: 1:19-cv-02649   JURY DEMAND
Assigned To : Friedrich, Dabney L.
Assign. Date : 9/4/2019
Description: PRO SE GEN CIV (F-DECK)

**PLAINTIFF,**

v.

CIVIL NO.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**
**C/O SOGO I PLAGANY**
**ORLANS PC**
**1602 VILLAGE MARKET BLVD SE**
**LEESBURG, VA 20175**

**DEFENDANT,**

TRIAL BY JURY DEMANDED

---

VERIFIED COMPLAINT

---

Plaintiff Bruce Evans (hereinafter "Plaintiff) for his Complaint against Defendant Federal National Mortgage Association pleads as follows:

## JURISDICTION AND VENUE

1. This court has subject matter based on federal question under 28 U.S.C. §§1331 and 1367, 18 U.S.C. § 1964(c) and 15 U.S.C. § 1640 (e). This is an action asserting violation of federal commonly known as the Truth in Lending Act ("TILA") (15) U.S.C. 1601 et seq.), The Real Estate Settlement Procedures Act ("RESPA")(12 U.S.C. 2601 et seq.), and it's implementing regulations 12 C.F.R. Part 226, et seq.

("Regulation Z"), with additional claims under The District of Columbia State Law. These claims rise out of the same controversy and sequence of events.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b)(2), in that substantial part of the events giving rise to the claim occurred in this judicial district.

3. This Court has personal jurisdiction over the parties as all Defendant engage in business within the Commonwealth of The District of Columbia and the Eastern District and thus have sufficient contacts.

4. Jurisdiction of this Court for the pending state claims is authorized by Federal Rule of Civil Procedure 18(a).

5. Defendant, and each of them, regularly engage in business in the Commonwealth of The District of Columbia and regularly provide mortgage loans and related services to the residents of the Commonwealth of The District of Columbia who wish to obtain a mortgage loan and who contact or are contacted by a loan officer for assistance in obtaining the necessary financing.

6. Plaintiff brings this action against Defendant' negligent, fraudulent, and unlawful conduct concerning a residential mortgage loan transaction with the Plaintiffs. The residential mortgage concerned the property located at 10 Jonquil Place, County of Stafford, Commonwealth of The District of Columbia.

## PARTIES

7. It is an undisputed fact that plaintiff lives at 4116 Martin Luther King Jr. Avenue, SW Washington, DC 20032 ("Property").

8. Plaintiff is informed, and believes, and thereon alleges that at all times mentioned in this Complaint Defendant Federal National Mortgage Association is diversified

financial marketing and/or services corporations engaged primarily in residential mortgage banking and/or related businesses.

9. It is an undisputed fact that this action arises out of a loan and foreclosure related activity to the Property of which the Plaintiff is the rightful owner.

10. Plaintiff is informed and believes and thereon alleges that beginning in 1998, lenders their agents, employees, and related servicer's, including Defendant, developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times, to create a bankruptcy remote transaction. The lenders, their agents, employees, and related servicer's, including the Defendant, then pooled these mortgages into large trusts, securitizing the pool and selling these securities on Wall Street as mortgage backed securities, bonds, derivatives and insurances, often for twenty or thirty times the original mortgage.

11. Plaintiff is informed and believes and thereon alleges that in "Selling" these mortgage notes on the secondly market, Defendant failed to follow the basic legal requirements for the transfer of a negotiable instrument and an interest in real property. While lenders could have simply gone to Congress to amend existing law so that it would allow for their envisioned transfers, they did not. Instead the lenders, Defendant included, simply ignored legal requirements.

12. Plaintiff informed and believes and thereon alleges that in fact, no interest in the Mortgage Note, Deed of Trust or Property was ever legally transferred to any of the Defendant, and that the Defendant are in effect legal strangers to this contractual transaction.

13. It is undisputed that on or about that on or about November 2016, the Defendant was initiating foreclosure on the Plaintiff's Property.

14. It is undisputed that on or about January 2018, a Qualified Written Request Under RESPA ("QWR" or "Request") was mailed to Defendant Selene. However, instead of responding to the "QWR" or "Request, A copy of QWR ids attached hereto marked "Exhibit A" on February 7, 2018, Plaintiff received a letter from Defendant Sykes, Bourdon, Ahern & Levy, P.C. stating that the Plaintiff's loan was being referred to them by Defendant Federal National Mortgage Association for foreclosure. Plaintiff has since discovered that both Selene and Federal National Mortgage Association are both one in the same.

15. It is undisputed that the Plaintiff has not received a response to the "QWR" nor has the Plaintiff been given an opportunity to address his concerns regarding a pending loan modification that was erroneously denied, appealed and never addressed by Defendant.

### FIRST CAUSE OF ACTION
### WRONGFUL FORECLOSURE
### (AGAINST DEFENDANT)

16. Plaintiff incorporates here each and every allegation set forth above.

17. It is an undisputed that The District of Columbia Commercial Code § 8.3A-301 specifically identifies the persons who are entitled to enforce a security interest by, among other means, instating a foreclosure sale under deed of trust. The statute is exclusive rather than inclusive in nature, and those who are not identified do not have the right to enforce such an interest.

18. Plaintiff is informed and believes and thereon alleges that Defendant Federal National Mortgage Association. are not in possession of the Note, and are not beneficiaries, assignees or employees of the person or entity in possession of the Note and are not otherwise entitled to payment. Moreover, Plaintiff is informed and believes and thereon alleges that said Defendant is not "person(s) entitled to enforce" the security interest on the Property, as that term is defined in The District of Columbia.

19. borrowers are considered for alternative foreclosure prevention options. In the event that the Home Affordable Modification or alternative foreclosure to be considered for alternative foreclosure prevention options.

20. It is an undisputed fact that Defendant have failed to suspend the foreclosure action to allow the Plaintiff to be considered for alternative foreclosure prevention options.

21. It is an undisputed fact that as a direct and proximate result of said Defendant wrongful actions, Plaintiff has suffered damages, including, but not limited to, direct monetary loss, consequential damages, and emotional distress.

22. It is an undisputed fact that in committing the wrongful acts alleged herein, said Defendant acted with malice, oppression and fraud. Said Defendant' willful conduct warrants an award of exemplary damages, in an amount sufficient to punish the wrongful conduct and to deter such misconduct in the future.

### FIRST CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST DEFEDANT)

23. Plaintiff incorporates here each and every allegation set forth above.

24. It is an undisputed fact that Defendant in that they regularly in the course of their business, engage in debt collection on behalf of themselves or others.

25. It is an undisputed fact that Defendant's actions constitute a violation of the FDCPA in that they threatened to take actions not permitted by law, including but not limited to: collection on a debt not owed to Defendant, making false reports to credit reporting agencies, attempting to foreclose upon a void security interest, foreclosing upon a Note of which they were not in possession nor otherwise entitled to payment, falsely stating the amount of a debt, increasing the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt.

26. It is an undisputed fact that Defendant's actions have caused Plaintiff actual damages, including, but not limited to, severe emotional distress, such as loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression.

27. It is an undisputed fact that as a result of Defendant' violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof and costs and reasonable legal fees.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
### (AGAINST DEFENDANT)

28. Plaintiff incorporates here each and every allegation set forth above.

29. Plaintiff is further informed and believes and thereupon alleges that Defendant owed a duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm. Plaintiff is informed and believes and thereupon alleges that Defendant's breached their duty of care to the Plaintiff when they failed to maintain the original Mortgage

Note, failed to properly create original documents, and failed to make the required disclosures to the Plaintiff.

30. Further, Plaintiff is informed and believes and thereupon alleges that Defendant breached the duty of care to the Plaintiff when they took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of Plaintiff's creditworthiness to various credit bureaus wrongfully.

31. It is an undisputed fact that as a result of Defendant' negligence, Plaintiff suffered and continues to suffer harm and is entitled to damages according to proof and/or other relief as the court deems just.

WHEREFORE, Plaintiff Bruce Evans, prays for judgment and order against Defendant as follows:

1. That judgment be entered in Plaintiff's favor against Defendant.
2. For an order requiring Defendant to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action.
3. For temporary restraining order, preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them, from collecting on the subject loan and from causing the Property to be sold, assigned or transferred to a third party.
4. For an order stating that Defendant engaged in unfair business practices.
5. Enter declaratory judgment that Plaintiff gave timely and valid notice of QWR request.

6. For compensatory and statutory damages, legal fees, and costs according to proof at trial.

7. For exemplary damages in an amount sufficient to punish Defendant's wrongful conduct and deter future misconduct.

8. For such other and further relief as the Court may deem just and proper.

Under penalties of perjury, I declare that I have read the foregoing Complaint and have personal knowledge of the facts and matters therein set forth and averred and that each and all of these facts and matters stated in it are true and correct.

_____
Bruce Evans